IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA DUNBAR,                          :
     Plaintiff                         :
                                       :
     v.                                :     CIVIL NO. AMD 04-2663
                                       :
MARYLAND PRIMARY CARE                  :
PHYSICIANS, LLC,                       :
     Defendant                         :
                 ...o0o...

MEMORANDUM OPINION

Plaintiff, Donna Dunbar ("Dunbar"), instituted this employment discrimination action against her former employer, defendant Maryland Primary Care Physicians, LLC, alleging sexual harassment and retaliatory termination claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*., and state law. Discovery has concluded and now pending is defendant's motion for summary judgment. The issues have been briefed and no hearing is necessary. For the reasons set forth below, I shall grant the motion for summary judgment.[*]

I.

Pursuant to Fed. R. Civ. P. 56 (c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

---

[*]In a prior order, the court dismissed the claim for intentional infliction of emotional distress. Also, the plaintiff having failed to serve process on defendant Dr. Bruce Conger, the claims against Dr. Conger were dismissed pursuant to Fed.R.Civ.P. 4(m). As judgment in favor of defendant shall be entered on the federal claims, the remaining state law claims shall be dismissed without prejudice.

is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986). A fact is material for purposes of summary judgment, if when applied to the substantive law, it affects the outcome of the litigation. *Id.* at 248. Summary judgment is also appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Celotex Corp.*, 477 U.S. at 324; *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). Of course, the facts, as well as justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party. *Matushita Elec. Indust. Co v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The court, however, has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

II.

As the non-movant, Dunbar is entitled to have the court view the facts most favorably to her claims. Remarkably, however, Dunbar has not submitted a single exhibit in support of her opposition to the motion for summary judgment, not even her own affidavit. Indeed, Dunbar's cursory opposition memorandum, consisting of a mere two pages of factual assertions and five pages of boilerplate legal discussion relying primarily on out-of-circuit case law (including state law cases), provides scant support for her opposition to the motion. Moreover, the factual assertions are supported by citation to the *defendant*'s motion exhibits. Nevertheless, the court has carefully examined Dunbar's contentions and has given her the benefit of every reasonable inference that finds support in the summary judgment record.

Dunbar was employed as a medical records clerk. She was responsible for the maintenance of patient files in a busy, four-physician, practice. In particular, she was responsible for the patient files of Dr. Bruce Conger. Dr. Conger had a small office within the larger suite of offices occupied by the practice group. In the course of any given workday, as patient files accumulated in Dr. Conger's small office, he and Dunbar would find themselves in cramped quarters, with Dr. Conger scurrying about to see patients in nearby examination rooms, review files, and consult, in private, on the telephone in his office.

The gravamen of Dunbar's harassment claim is her allegation that Dr. Conger routinely touched her with his hands in an effort to move her about the office to make way

for himself to move about, and, sometimes, when privacy was needed to protect patient confidentiality, to get her to leave the office. By Dunbar's own admission on deposition, and contrary to her allegations in the complaint, there was absolutely nothing *sexual* in nature about the touching engaged in by Dr. Conger, with whom plaintiff professes an otherwise entirely appropriate and professional relationship. On one occasion, however, it appears that Dr. Conger may have made contact with plaintiff's left breast as he tugged at her to get her out of his way.

Plaintiff brought her dissatisfaction with Dr. Conger's actions to the attention of her supervisor, the Practice Manager. The Practice Manager promptly conferred with Dr. Conger regarding the matter and he agreed to refrain from such acts, and it appears that an agreement was struck whereby Dunbar would leave Dr. Conger's small office whenever he needed to be there. Apparently, plaintiff contends that the behavior continued, but, other than her assertion, she has not supported this claim with admissible evidence.

The retaliation claim arises out of plaintiff's termination on or about September 25, 2003. In short, plaintiff had been counseled and otherwise disciplined repeatedly for violations of decorum and more serious breaches of her employer's rules over the preceding many months. The crux of the matter centered on a deep personal antipathy between plaintiff and a second medical records clerk employed by the practice group, who had been hired after plaintiff had been hired. The record shows that the Practice Manager had documented numerous counseling sessions and disciplinary actions against both employees, but over

time, it became increasingly clear to the Practice Manager that it was the plaintiff who was the instigator of most of the arguments and confrontations that invariably disrupted the environment in the workplace. Ultimately, after an unseemly altercation between the two co-workers, marked by yelling and acting out by Dunbar in the presence of the Practice Manager and other employees (and within earshot of patients), and after a thorough investigation of the incident by the Practice Manager, which included interviews of eyewitnesses, defendant terminated Dunbar's employment.

III.

As the Fourth Circuit has repeatedly observed:

> To establish a Title VII claim for sexual harassment in the workplace, a female plaintiff must prove that the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer. *Spicer v. Va., Dep't of Corr.,* 66 F.3d 705, 710 (4th Cir.1995) (en banc).

*Ocheltree v. Scollon Productions, Inc*., 335 F.3d 325, 331 (4th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 1170 (2004). As a matter of law, Dunbar has failed to project sufficient evidence to permit a reasonable juror to conclude that Dr. Conger's touching behavior was based on sex or was severe or pervasive so as to alter the conditions of Dunbar's employment. Accordingly, the sexual harassment claim fails.

To avoid summary judgment as to her retaliation claim, Dunbar must project substantial evidence that defendant's retaliatory intent (in whole or in part) motivated her termination. Dunbar may do so either through direct or circumstantial evidence of such

animus (of which there is not even a scintilla), or she may rely on the well-recognized *McDonnell Douglas* "shifting burdens" approach.

Under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 807 (1973), the plaintiff must first demonstrate a prima facie case of retaliation. "In general terms, a plaintiff establishes a prima facie case by proving a set of facts which would enable the fact-finder to conclude in the absence of any further explanation, that it is more likely than not that the adverse employment action was the product of discrimination." *Ennis v. National Ass'n of Business and Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995) (citations omitted); *Von Gunten v. Maryland*, 243 F.3d 858, 863 n.1 (4th Cir. 2001).

Once the plaintiff establishes a prima facie case, a presumption of retaliation arises and the burden of production is placed on the employer to articulate a legitimate non-retaliatory reason for the adverse employment action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). Because the employer's burden is one of production and not of persuasion, it "is not required to prove absence of a [retaliatory] motive, but merely articulate some legitimate reason for its action." *E.E.O.C v. Clay Printing Co.*, 955 F.2d 936, 941 (4th Cir. 1992) (internal quotation marks omitted) (quoting *E.E.O.C. v. Western Electric Co., Inc.*, 713 F.2d 1011, 1014 (4th Cir. 1983)). If the employer meets this burden, the presumption of retaliation is eliminated, and the plaintiff bears the ultimate burden of generating a dispute of material fact as to whether the employer's non-retaliatory reason is pretextual, and

whether the adverse employment action was actually taken because in reprisal for the employee's invocation of her rights or her participation in protected activities. *Hicks*, 509 U.S. at 511; *Munday v. Waste Mgmt. of N. America, Inc.*, 126 F.3d 239, 242 (4th Cir. 1997).

The Supreme Court clarified the plaintiff's burden at the pretext stage of employment discrimination cases in *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). The Court reiterated that evidence of pretext, combined with the plaintiff's prima facie case, does not compel judgment for the plaintiff, because "it is not enough . . . to disbelieve the employer; the factfinder must [also] believe the plaintiff's explanation of intentional discrimination." *Reeves*, 530 U.S. at 147 (quoting *Hicks*, 509 U.S. at 519). However, *Reeves* made plain that, under the appropriate circumstances, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully [retaliated]." *Id.*

Here, the court will assume, generously, that Dunbar has established a prim facie case of retaliation because she was terminated not long after she complained to her supervisor about Dr. Conger's habit of touching her as described above. Nevertheless, the evidence of Dunbar's woeful disciplinary record establishes overwhelmingly that defendant's decision to terminate her employment was legitimate. Dunbar has not even attempted to demonstrate that she was terminated without just cause; her memorandum does not even use the word "pretext." Rather, she seems to contend that because her co-worker was not disciplined in

consequence of the confrontation which led to Dunbar's termination, a genuine dispute of material fact is presented. She is wrong. The record shows indisputably that defendant carefully and thoroughly investigated the incident, and made the reasonable judgment that Dunbar instigated it and was solely responsible. The absence of pretext is established as a matter of law.

IV.

For the reasons set forth herein, the motion for summary judgment shall be granted as to each federal claim. The court declines to exercise supplemental jurisdiction over the remaining state law claims. An Order follows.

Filed: May 27, 2005                                        _____/s/_____
                                                           ANDRE M. DAVIS
                                                           UNITED STATES DISTRICT JUDGE